**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARLENE GRUDKOWSKI, Individually and on behalf of a Class of Similarly Situated Persons,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>FOREMOST INSURANCE COMPANY,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:CV-12-1847<br><br>(JUDGE CAPUTO) |

### **MEMORANDUM**

Presently before the Court is the Notice of Removal filed by Defendant Foremost Insurance Company ("Foremost"). (Doc. 1.) Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Defendant can show that diversity jurisdiction is proper.

### **I. Background**

On or about August 14, 2012, Plaintiff Arlene Grudkowski filed this putative class action in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1, Ex. A.) In her Complaint, Plaintiff asserts three causes of action against Foremost: (1) a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1, *et seq*.; (2) a claim under 42 Pa. Cons. Stat. Ann. § 8371; and (3) an unjust enrichment claim. (*Id*. at ¶¶ 87-102.)

On September 14, 2012, Defendant removed the action to this Court on the basis of diversity of citizenship. (Doc. 1.) In the Notice of Removal, Defendant avers that Plaintiff Grudkoswki "is a resident of the Commonwealth of Pennsylvania." (*Id*. at ¶ 12.) Defendant Foremost "is incorporated under the laws of the state of Michigan, and also maintains its principal place of business in the state of Michigan." (*Id*.)

### **II. Discussion**

"The general rule that federal courts have an ever-present obligation to satisfy

themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021, 108 S. Ct. 739, 98 L. Ed. 2d 756 (1988)).  Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(d)(2)(A).  Section 1332(d)(2)(A) provides:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . .

*Id*.  "[I]n a federal class action only the citizenship of the named class representatives must be diverse from that of the defendants." *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1317 (3d Cir. 1990); *see also Steel City Grp. v. Global Online Direct, Inc.*, No. 06-1501, 2006 WL 3484318, at *1 (W.D. Pa. Nov. 30, 2006) ("in determining diversity in a class action, the Court considers only the citizenship of the named parties").  As a result, "CAFA generally permits defendants to remove certain class actions to federal court if minimal diversity of citizenship exists." *Clerk v. First Bank of Del.*, 735 F. Supp. 2d 170, 175 (E.D. Pa. 2010) (citations omitted).  Nevertheless, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977);

2

*see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

The Notice of Removal alleges that Plaintiff is a "resident of the Commonwealth of Pennsylvania." This is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity"). The Court therefore finds that the Notice of Removal has not properly demonstrated Plaintiff's citizenship for the purposes of diversity jurisdiction.

### III. Conclusion

For the above stated reasons, the Notice of Removal fails to adequately establish the diversity of the parties. As the Notice of Removal fails to sufficiently allege the domicile or citizenship of Plaintiff Grudkowski, Defendant has not demonstrated that minimal diversity of citizenship exists in this action. The Court, therefore, cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, where "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party." *Zia Zhao v. Skinner Engine Co.*, No. 11-7514, 2012 WL 1758145, at *2 (E.D. Pa. May 16,

2012).[1]  As such, Defendants will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of Plaintiff.  Failure to do so will result in this action being remanded to the Court of Common Pleas of Luzerne County, Pennsylvania.

    An appropriate order follows.

| | |
|---|---|
| September 25, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[1] Specifically, Plaintiff's Complaint alleges that "Arlene Grudkowski is an adult individual *citizen* and resident of the Commonwealth of Pennsylvania." (Doc. 1, Ex. A, ¶ 1.)